# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under Case No. 08-46617 |
| Polaroid Corporation, et al., Debtors. | Court File Nos. |
| (includes:<br>Polaroid Holding Company;<br>Polaroid Consumer Electronics, LLC;<br>Polaroid Capital, LLC;<br>Polaroid Latin America I Corporation;<br>Polaroid Asia Pacific LLC;<br>Polaroid International Holding LLC;<br>Polaroid New Bedford Real Estate, LLC;<br>Polaroid Norwood Real Estate, LLC;<br>Polaroid Waltham Real Estate, LLC) | 08-46621(GFK)<br>08-46620 (GFK)<br>08-46623 (GFK)<br>08-46624 (GFK)<br>08-46625 (GFK)<br>08-46626 (GFK)<br>08-46627 (GFK)<br>08-46628 (GFK)<br>08-46629 (GFK)<br><br>Chapter 7 Cases<br>Judge Gregory F. Kishel |
| John R. Stoebner, Trustee,<br>Plaintiff, | Adv. Proc. No. _____ |
| vs. | **COMPLAINT** |
| William H. Mondale,<br>Defendant. | |

For his Complaint against the above-named Defendant, Plaintiff John R. Stoebner as the court-appointed Chapter 7 Trustee for Polaroid Corporation, et al., states and alleges as follows:

## PARTIES

1.      Polaroid Holding Company ("PHC"), now known as "PBE Holding Company" as a result of a name change, is a corporation organized and existing under the laws of the State of

Delaware. Polaroid Consumer Electronics, LLC ("PCE"), now known as "PBE Consumer Electronics, LLC" as a result of a name change, is a limited liability company organized and existing under the laws of the State of Minnesota. PHC and PCE are the successors in interest to Petters Consumer Brands, LLC ("PCB")[1]. PHC, PCE and PCB are hereinafter collectively referred to as "PCB."

2. On December 18, 2008 (the "Polaroid Petition Date"), Polaroid Corporation and other affiliated debtors (the "Polaroid Debtors"), including PHC and PCE, filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota. The cases of the Polaroid Debtors are jointly administered under Court File No. 08-46617 (the "Polaroid Cases") pending before the Honorable Gregory F. Kishel.

3. On August 31, 2009, the Polaroid Debtors converted the Polaroid Cases to cases administered under Chapter 7 of the Bankruptcy Code. Plaintiff John R. Stoebner (the "Trustee") was appointed trustee for the Polaroid Cases. The Polaroid Cases continue to be jointly administered following conversion.

---

[1] On June 19, 2009, the Debtors filed documents with the appropriate offices of the Secretary of State for the purpose of changing their corporate names to omit the term "Polaroid." The debtor Polaroid Holding Company is now "PBE Holding Company," the Debtor Polaroid Corporation is now "PBE Corporation," the Debtor Polaroid Consumer Electronics, LLC is now "PBE Consumer Electronics, LLC," the Debtor Polaroid Capital, LLC is now "PBE Capital, LLC," the Debtor Polaroid Latin America I Corporation is now "PBE Latin America I Corporation," the Debtor Polaroid Asia Pacific, LLC is now "PBE Asia Pacific, LLC," the Debtor Polaroid International Holding, LLC is now "PBE International Holding, LLC," the Debtor Polaroid New Bedford Real Estate, LLC is now "PBE New Bedford Real Estate, LLC," the Debtor Polaroid Norwood Real Estate is now "PBE Norwood Real Estate, LLC" and the Debtor Polaroid Waltham Real Estate, LLC is now "PBE Waltham Real Estate, LLC."

4. William H. Mondale ("Defendant") is the former Director of International Business Development of PCB with a last known address of 1224 Cedar Lake Road South, Minneapolis, Minnesota 55416.

5. Defendant is the initial transferee of the fraudulent or otherwise avoidable transfer alleged in this Complaint, a person for whose benefit such transfer was made, or an immediate or mediate transferee of any such initial transferee as those terms are used in 11 U.S.C. § 550(a).

## JURISDICTION VENUE AND STANDING

6. This Court has subject matter jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The claims asserted herein arise under, arise in or are related to proceedings under Title 11 of the United States Code.

7. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (H) and (O). Venue in this Court is proper pursuant to 28 U.S.C. §1409.

8. The Trustee asserts the claims herein pursuant to Sections 323, 544, 548, 550, and 551 of the Bankruptcy Code and applicable provisions of state law made available to the Trustee under 11 U.S.C. § 544.

## FACTS

9. The purported business plan for PCB was to contract with overseas manufacturers to make consumer electronics, including portable DVD players and televisions, under the Polaroid brand and then sell them to big box retailers such as Wal-Mart, Target and Best Buy.

10. Although PCB actually sold merchandise, PCB's margins were so low that at all relevant times PCB operated at a loss. In addition, PCB's assets were always unreasonably small in relation to its business, and the business was propped up with money from the Ponzi scheme

run by Thomas J. Petters. At all relevant times, PCB intended to incur, or reasonably should have believed that PCB would incur, debts beyond PCB's ability to pay as they became due.

11. From and including 2003 to and including 2008, PCB consistently operated at a loss.

12. PCB was never profitable. Instead, PCB was burdened with heavy debt that PCB knew, or reasonably should have known, was beyond PCB's ability to pay legitimately as the debt became due.

13. Given PCB's significant debt, the low margins for its consumer electronics business, and the fact that PCB was propped up by Ponzi money, PCB at all times was engaged in, and was about to engage in, a business for which its remaining assets were unreasonably small in relation to its business; alternatively, PCB intended to incur, or reasonably should have believed that PCB would incur debts beyond its ability to pay as they became due.

14. On or about the following date(s) (the "Transfer Date(s)"), PCB made the following monetary transfer(s) (the "Transfer(s)") to the Defendant without receiving a reasonably equivalent value in exchange for the transfer:

| DATE | AMOUNT |
| --- | --- |
| 02/20/2004 | $2,875.00 |
| 02/01/2006 | $35,937.50 |
| Total | $38,812.50 |

15. On the Transfer Date(s), PCB was participating in and/or benefitting from a Ponzi scheme orchestrated by Petters, was engaged or was about to engage in a business or a

4

transaction for which its remaining assets were unreasonably small in relation to the business or transaction, or intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

16. PCB used monies from the Ponzi scheme to enable PCB to make payments to employees, including the above-described Transfer(s).

17. PCB was insolvent on the Transfer Date(s) within the meaning of 11 U.S.C. § 101(32) in that the sum of its debts was greater that all of its property at a fair valuation, exclusive of property transferred, concealed, or removed with intent to hinder, delay or defraud PCB's creditors.

18. PCB did not receive a reasonably equivalent value in exchange for the Transfer(s). The Transfer(s) was/were paid to the Defendant, an employee of PCB, as a "bonus" or other compensation pursuant to an agreement and plan that was supposed to provide bonuses or such compensation only if PCB attained a certain level of profitability, which never happened. To the extent that an employment contract, bonus plan or agreement, incentive plan or agreement, or other basis existed which the Defendant claims created a contractual obligation or other justification to pay the Transfer(s), the Defendant provided value that was less than reasonably equivalent in exchange for the Transfer(s).

19. The Transfer thus constitutes a fraudulent transfer under the Minnesota Uniform Fraudulent Transfer Act, the United States Bankruptcy Code and the fraudulent transfer laws of such other states whose law may be deemed applicable. The Transfer also constitutes unjust enrichment to the Defendant.

20. To the extent that any of the allegations or counts herein may be inconsistent with each other, they are to be treated as being pled in the alternative.

21. During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant. The Trustee intends to avoid and recover all avoidable transfers made by PCB of an interest of PCB in property to or for the benefit of the Defendant or any other transferee. Similarly, the Trustee intends to avoid any obligations made by PCB to Defendant. The Trustee reserves the right: (a) to amend this original Complaint to include: (i) further information regarding the transfers identified herein, (ii) additional transfers, (iii) modifications or revisions to Defendant's name, (iv) additional defendants, or (v) additional causes of action that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and (b) for the amendments or additional causes of action to relate back to this original Complaint.

## COUNT I – FRAUDULENT TRANSFER

**Actual Fraud - 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat. §§ 513.44(a)(1) and 513.47 or Other Governing Fraudulent Transfer Laws**

22. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

23. At all times material hereto, there was and is at least one creditor who held and who holds unsecured claims against PCB that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e). Pursuant to 11 U.S.C. § 544 (b)(1) the Trustee may avoid the Transfer(s) because the Transfer(s) is/are

avoidable under applicable nonbankruptcy law by a creditor holding an unsecured claim in the bankruptcy case.

24. The Transfer(s) was/were made or incurred by PCB with actual intent to hinder, delay or defraud a creditor, which creditor's claim arose before or after the Transfer(s) was/were made.

25. The Defendant is the initial transferee of the Transfer(s), the person for whose benefit such Transfer(s) was/were made, or an immediate or mediate transferee of the initial transferee.

26. As a result of the foregoing, the Trustee is entitled to: (a) avoid the Transfer(s) under Bankruptcy Code § 544(b) and applicable state law; (b) preserve the avoided Transfer(s) for the benefit of the estate under Bankruptcy Code §551; and (c) be awarded a money judgment against Defendant pursuant to Bankruptcy Code §§ 550(a).

## COUNT II – FRAUDULENT TRANSFER

**Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), 551 & Minn. Stat. §§ 513.44(a)(2)(i) and 513.47 or Other Governing Fraudulent Transfer Laws**

27. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

28. At all times material hereto, there was and is at least one creditor who held and who holds unsecured claims against PCB that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e). Pursuant to 11 U.S.C. § 544 (b)(1) the Trustee may avoid the Transfer(s) because the Transfer(s) is/are

avoidable under applicable nonbankruptcy law by a creditor holding an unsecured claim in the bankruptcy case.

29. At all times material hereto, PCB was engaged in a business or transaction, or was about to engage in a business or transaction, for which the property remaining with PCB after the Transfer(s) was effectuated constituted unreasonably small capital in relation to the business or transaction.

30. PCB received less than reasonably equivalent value in exchange for the Transfer(s).

31. The Defendant is the initial transferee of the Transfer(s), the person for whose benefit such Transfer(s) was/were made, or an immediate or mediate transferee of the initial transferee.

32. As a result of the foregoing, the Trustee is entitled pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551, Minn. Stat. §§ 513.44(a)(2)(i) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states to: (a) avoid the Transfer(s) under Bankruptcy Code § 544(b) and applicable state law; (b) preserve the avoided Transfer(s) for the benefit of the estate under Bankruptcy Code § 551; and (c) be awarded a money judgment against Defendant pursuant to Bankruptcy Code §§ 550(a).

## COUNT III – FRAUDULENT TRANSFER

**Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat. §§ 513.44(a)(2)(ii) and 513.47 or Other Governing Fraudulent Transfer Laws**

33. The Trustees realleges and incorporate by reference the preceding paragraphs of this Complaint as if fully set forth herein.

34. At all times material hereto, there was and is at least one creditor who held and who holds unsecured claims against the Debtor that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e). Pursuant to 11 U.S.C. § 544 (b)(1) the Trustee may avoid the Transfer(s) because the Transfer(s) is/are avoidable under applicable nonbankruptcy law by a creditor holding an unsecured claim in the bankruptcy case.

35. At all times material hereto, PCB, at the time of the Transfer(s), intended to incur, or believed (or reasonably should have believed) that it would incur, debts that would be beyond its ability to pay as the debts matured.

36. PCB received less than reasonably equivalent value in exchange for the Transfer(s).

37. The Defendant is the initial transferee of the Transfer(s), the person for whose benefit such Transfer(s) was/were made, or an immediate or mediate transferee of the initial transferee.

38. As a result of the foregoing, the Trustee is entitled pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551, Minn. Stat. §§ 513.44(a)(2)(i) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states to: (a) avoid the Transfer(s) under Bankruptcy Code § 544(b) and applicable state law; (b) preserve the avoided Transfer(s) for the benefit of the estate under Bankruptcy Code § 551; and (c) be awarded a money judgment against Defendant pursuant to Bankruptcy Code §§ 550(a).

## COUNT IV – FRAUDULENT TRANSFER

### Constructive Fraud - 11 U.S.C. §§ 544(b), 550(a), and 551 & Minn. Stat. §§ 513.45(a) and 513.47 or Other Governing Fraudulent Transfer Laws

39. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40. At all times material hereto, there was and is at least one creditor who held and who holds unsecured claims against PCB that were and are allowable under Bankruptcy Code § 502 or that were and are not allowable only under Bankruptcy Code § 502(e). Pursuant to 11 U.S.C. § 544 (b)(1) the Trustee may avoid the Transfer(s) because the Transfer(s) is/are avoidable under applicable nonbankruptcy law by a creditor holding an unsecured claim in the bankruptcy case.

41. At all times material hereto, PCB, at the time of the Transfer(s), was insolvent or, in the alternative, PCB became insolvent as a result of the Transfer(s).

42. PCB received less than reasonably equivalent value in exchange for the Transfer(s).

43. The Defendant is the initial transferee of the Transfer(s), the person for whose benefit such Transfer(s) was/were made, or an immediate or mediate transferee of the initial transferee.

44. As a result of the foregoing, the Trustee is entitled pursuant to Bankruptcy Code §§ 544(b), 550(a), and 551, Minn. Stat. §§ 513.44(a)(2)(i) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states to: (a) avoid the Transfer(s) under Bankruptcy Code § 544(b) and applicable

state law; (b) preserve the avoided Transfer(s) for the benefit of the estate under Bankruptcy Code § 551; and (c) be awarded a money judgment against Defendant pursuant to Bankruptcy Code §§ 550(a).

## COUNT V – UNJUST ENRICHMENT

### 11 U.S.C. §§ 323 and 341, and State Common Law

45. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

46. The Transfer(s) was/were part and parcel of the Ponzi scheme orchestrated by Petters and his associates and was/were derived from monies fraudulently obtained by PCB from other investors or participants in the Ponzi scheme.

47. As the recipient of the Transfer(s), to which he was not entitled, the Defendant has no rightful or legitimate claim thereto.

48. Through the receipt of the Transfer(s), the Defendant was unjustly enriched to the detriment of PCB's estate, and the circumstances are such that it would be unjust for the Defendant to retain the benefit.

## COUNT VI – DISALLOWANCE OF CLAIM

### 11 U.S.C. § 502(b) and (d)

49. The Trustee realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

50. To the extent that the Defendant asserts he/she is entitled to any claim in these Bankruptcy Cases, directly on his/her own account or indirectly by virtue of any other agreement with the Debtor or any of its affiliates, such claim is unenforceable against the Debtor or the

property of the Debtor under any agreement or applicable law and should be disallowed under 11 U.S.C. § 502(b).

51. Further, any claim of an entity from which property is recoverable under 11 U.S.C. § 550 or held by a transferee of a transfer that is avoided under 11 U.S.C. §§ 544 shall be disallowed by the Court unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable.

52. As a result of the foregoing, to the extent that the Defendant asserts he/she is entitled to any claim in these Bankruptcy Cases, directly on his/her own account or indirectly by virtue of any other agreement with the Debtor or any of its affiliates, all such claims are and should be in all things disallowed.

WHEREFORE, the Trustee respectfully requests judgment in his favor and against the Defendant as follows:

A. Count I (Fraudulent Transfers - Actual Fraud): pursuant to 11 U.S.C. §§ 544(b), 550(a), and 551, and Minn. Stat. §§ 513.44(a)(1) and 513.47, and if the Court should determine that this action is governed by the laws of other states, the fraudulent transfer laws of such other states: (a) avoiding the Transfer(s); (b) preserving the avoided Transfer(s) for the benefit of the bankruptcy estate; and (c) awarding a money judgment in favor of the Trustee against Defendant in the amount of the Transfer(s), plus pre- and post-judgment interest, and costs and disbursements;

B. Counts II through IV (Fraudulent Transfers - Constructive Fraud): pursuant to 11 U.S.C. §§ 544(b), 550(a), and 551, and Minn. Stat. §§ 513.44(a)(2)(i) and (ii), 513.45(a), and 513.47, and if the Court should determine that this action is governed by the laws of other states,

the fraudulent transfer laws of such other states: (a) avoiding the Transfer(s); (b) preserving the avoided Transfer(s) for the benefit of the bankruptcy estate; and (c) awarding a money judgment in favor of the Trustee against Defendant in the amount of the Transfer(s), plus pre- and post-judgment interest, and costs and disbursements;

        C.        Count V (Unjust Enrichment): awarding a money judgment in favor of the Trustee against the Defendant in the amount of the Transfer(s), plus pre- and post-judgment interest, and costs and disbursements.

        D.        Count VI (Disallowance): pursuant to 11 U.S.C. § 502(b) and (d): declaring and ordering that, to the extent that the Defendant asserts he/she is entitled to any claim in these Bankruptcy Cases, directly on his/her or his own account or indirectly by virtue of any other agreement with PCB or any of its affiliates, all such claims are in all things disallowed;

        E.        On all Claims for Relief, establishment of a constructive trust over the proceeds of the Transfer(s) in favor of the Trustee for the benefit of PCB's estate;

        F.        Granting the Trustee such other, further and different relief as the Court deems just, proper and equitable.

Dated:  December 1, 2010         LAPP, LIBRA, THOMSON, STOEBNER
                                 & PUSCH, CHARTERED


                                 By:  /e/  Richard T. Thomson
                                      Richard T. Thomson (#109538)
                                      Rosanne H. Wirth (#0137479)
                                      Tyler D. Candee (#0386598)
                                 One Financial Plaza, Suite 2500
                                 120 South Sixth Street
                                 Minneapolis, MN  55402
                                 T (612) 338-5815
                                 F (612) 338-6651
                                 RThomson@lapplibra.com
                                 RWirth@lapplibra.com
                                 TCandee@lapplibra.com

                                 **ATTORNEYS FOR JOHN R. STOEBNER,
                                 TRUSTEE FOR POLAROID CORPORATION, ET.
                                 AL.**